# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAYNA D'AMICO, MAX MILLER, BELLA ROBINSON, and BRAM SILBERT, representing themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSORTIUM ON FINANCING HIGHER EDUCATION, THE COMMON APPLICATION INC., SCOIR INC., AMHERST COLLEGE, BARNARD COLLEGE, BOWDOIN COLLEGE, BROWN UNIVERSITY, BRYN MAWR COLLEGE, CARLETON COLLEGE, COLUMBIA UNIVERSITY, CORNELL UNIVERSITY, THE TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, HAVERFORD COLLEGE, JOHNS HOPKINS UNIVERSITY, MACALESTER COLLEGE, MIDDLEBURY COLLEGE, MOUNT HOLYOKE COLLEGE, NORTHWESTERN UNIVERSITY, OBERLIN COLLEGE, POMONA COLLEGE, WILLIAM MARSH RICE UNIVERSITY, SMITH COLLEGE, SWARTHMORE COLLEGE, TRINITY COLLEGE, UNIVERSITY OF CHICAGO, UNIVERSITY OF PENNSYLVANIA, UNIVERSITY OF ROCHESTER, VANDERBILT UNIVERSITY, VASSAR COLLEGE, WASHINGTON UNIVERSITY IN ST. LOUIS, WELLESLEY COLLEGE, WESLEYAN UNIVERSITY, and WILLIAMS COLLEGE<br><br>Defendants. | Case No. 1:25-cv-12221-AK |

## MEMORANDUM IN SUPPORT OF THE NON-MASSACHUSETTS DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................2

    A.  Plaintiffs Cannot Establish Personal Jurisdiction Over The Non-
        Massachusetts Defendants Under Section 12 Of The Clayton Act ........................2

    B.  Plaintiffs Cannot Establish Personal Jurisdiction Over The Non-
        Massachusetts Defendants Under Rule 4 ...............................................................7

III. CONCLUSION.....................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Home Healthcare Sys., Inc. v. Floyd Mem'l Hosp. & Health Servs.*,
　2017 WL 2261740 (W.D. Ky. May 23, 2017) ......................................................5

*Am. Medicorp, Inc. v. Humana, Inc.*,
　445 F. Supp. 573 (E.D. Pa. 1977) .......................................................................7

*Am. Well Corp. v. Indegene Ltd.*,
　761 F. Supp. 3d 249 (D. Mass. 2024) .................................................................2

*Aro Mfg. Co. v. Auto. Body Rsch. Corp.*,
　352 F.2d 400 (1st Cir. 1965) ..............................................................................4

*Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*,
　825 F.3d 28 (1st Cir. 2016) .................................................................................2

*Bristol-Meyers Squibb Co. v. Superior Court of Calif.*,
　582 U.S. 255 (2017) ............................................................................................8

*Brook v. McCormley*,
　873 F.3d 549 (7th Cir. 2017) ..............................................................................8

*Buckeye Assocs., Ltd. v. Fila Sports, Inc.*,
　616 F. Supp. 1484 (D. Mass. 1985) ..............................................................4, 5, 6

*Chrysler Corp. v. Gen. Motors Corp.*,
　589 F. Supp. 1182 (D.D.C. 1984) .......................................................................4

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014) ............................................................................................7

*Daniel v. Am. Bd. of Emergency Med.*,
　428 F.3d 408 (2d Cir. 2005) ...............................................................................3

*Good Hope Indus., Inc. v. Ryder Scott Co.*,
　389 N.E.2d 76 (Mass. 1979) ...............................................................................7

*GTE New Media Servs., Inc. v. BellSouth Corp.*,
　199 F.3d 1343 (D.C. Cir. 2000) ..........................................................................3

*Hahn v. Vermont Law School*,
　698 F.2d 48 (1st Cir. 1983) .............................................................................8, 9

*Hansen v. Northwestern Univ.*,
　2025 WL 2731378 (N.D. Ill. Sept. 24, 2025) .....................................1, 5, 6, 9, 10

*KM Enterprises, Inc. v. Global Traffic Technologies, Inc.*,
　725 F.3d 718 (7th Cir. 2013) ..............................................................................3

*Kuan Chen v. U.S. Sports Acad., Inc.*,
   956 F.3d 45 (1st Cir. 2020) ........................................................................................3

*Mun. of Bayamón v. Exxon Mobil Corp.*,
   2025 WL 2630671 (D.P.R. Sept. 11, 2025) ...........................................................2, 3, 7

*Rain v. Connecticut Gen. Corp.*,
   2019 WL 7604856 (D. Mass. Aug. 6, 2019) ..............................................................8

*Sullivan v. Tagliabue*,
   785 F. Supp. 1076 (D.R.I. 1992) ..............................................................................4

*United States v. Scophony Corp. of Am.*,
   333 U.S. 795 (1948) .................................................................................................4

*Vapotherm, Inc. v. Santiago*,
   38 F.4th 252 (1st Cir. 2022) .....................................................................................2

*Walden v. Fiore*,
   571 U.S. 277 (2014) .................................................................................................2

*World Ass'n of Icehockey Players Unions N. Am. Div. v. Nat'l Hockey League*,
   2024 WL 4893266 (S.D.N.Y. Nov. 26, 2024) ..........................................................6

**Statutes**

15 U.S.C. § 22 ..............................................................................................................1, 2, 3, 4

Mass. Gen. Laws Ann. ch. 223A, § 3 ............................................................................8

**Rules**

Fed. R. Civ. P. 4(k)(1)(A) ............................................................................................7

## I.    <u>INTRODUCTION</u>

This Court should dismiss all claims against Defendants Barnard College, Bowdoin College, Bryn Mawr College, Carleton College, Columbia University, Duke University, Emory University, Haverford College, Johns Hopkins University, Macalester College, Middlebury College, Northwestern University, Oberlin College, Pomona College, Scoir, Inc., Swarthmore College, University of Pennsylvania, University of Rochester, Vanderbilt University, Vassar College, and Washington University in St. Louis (the moving "Non-Massachusetts Defendants")[1] because Plaintiffs cannot show that this Court has personal jurisdiction over these Defendants.

The Non-Massachusetts Defendants are universities and colleges, as well as a college-services software platform (Scoir, Inc.), that are based outside of Massachusetts and, except for Scoir, provide education to students in other states. Plaintiffs' claims against the Non-Massachusetts Defendants must be dismissed because they cannot satisfy either of the two avenues for establishing personal jurisdiction in an antitrust case. First, Plaintiffs cannot rely on the Clayton Act's nationwide service of process provision to support personal jurisdiction because Plaintiffs cannot satisfy the Clayton Act's venue provision. That is, incidental connections the Non-Massachusetts Defendants may have with Massachusetts are insufficient to qualify as "transact[ing] business" of a substantial character in this District. 15 U.S.C. § 22. Nor can Plaintiffs establish personal jurisdiction under Federal Rule of Civil Procedure 4 and the Due Process Clause. Indeed, in a recent ruling in a case with similar facts, the U.S. District Court for the Northern District of Illinois dismissed the moving out-of-state defendants from the case for lack of personal jurisdiction. *See Hansen v. Northwestern Univ.*, 2025 WL 2731378 (N.D. Ill.

---

[1] The other Defendants that are located outside of Massachusetts are not contesting personal jurisdiction at this time.

Sept. 24, 2025). Similarly, here, the Court should dismiss the case against the Non-Massachusetts Defendants.

## II.    <u>ARGUMENT</u>

"When personal jurisdiction is contested, the plaintiff has the 'ultimate burden of showing by a preponderance of the evidence that jurisdiction exists.'" *Am. Well Corp. v. Indegene Ltd.*, 761 F. Supp. 3d 249, 255 (D. Mass. 2024) (Kelley, J.) (quoting *Vapotherm, Inc. v. Santiago*, 38 F.4th 252, 257 (1st Cir. 2022)). In making this determination, courts may look beyond the pleadings and "take into account undisputed facts put forth by the defendant." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016).

In antitrust suits, a plaintiff may establish personal jurisdiction over a defendant under Section 12 of the Clayton Act, 15 U.S.C. § 22. *Mun. of Bayamón v. Exxon Mobil Corp.*, 2025 WL 2630671, at *20 (D.P.R. Sept. 11, 2025). And federal district courts may exercise personal jurisdiction through service of process under Federal Rule of Civil Procedure 4(k)(1)(A). *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Here, Plaintiffs cannot establish this Court's personal jurisdiction over the Non-Massachusetts Defendants under either path.

## A.    <u>Plaintiffs Cannot Establish Personal Jurisdiction Over The Non-Massachusetts Defendants Under Section 12 Of The Clayton Act</u>

Plaintiffs rely on Section 12 of the Clayton Act to assert that this Court has personal jurisdiction over the Non-Massachusetts Defendants (and necessarily that venue is proper here). Doc. No. 1, Compl. ¶¶ 66, 68. Section 12 provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22. As a First Circuit district court recognized just this year, Section 12 has two parts: "one 'before the semicolon,' which 'addresses venue' . . . and another 'after the semicolon,' which

'provides for worldwide service of process and, therefore, the exercise of personal jurisdiction[.]'" *Bayamón*, 2025 WL 2630671, at *20 (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 423 (2d Cir. 2005)). The court in *Bayamón* held that "for the service effected on [a defendant] to confer jurisdiction over it, there must be proper venue under the first clause of Section 12."[2] *Id.* Here, because Plaintiffs cannot satisfy the Clayton Act's venue provision for the Non-Massachusetts Defendants, they cannot invoke the Clayton Act's nationwide service provision to establish personal jurisdiction over those Defendants.

In their Complaint, with respect to venue, Plaintiffs offer only the conclusory assertion that "each Defendant transacted business, was found, had agents, and/or resided in this District." Doc. No. 1, Compl. ¶ 68. That allegation should be disregarded, as Plaintiffs do not even attempt to plead facts to support it. *See, e.g.*, *Kuan Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 54 (1st Cir. 2020) (to defeat a personal jurisdiction motion to dismiss, a plaintiff "cannot rely solely on conclusory averments"). In any event, Plaintiffs cannot establish proper venue with respect to the Non-Massachusetts Defendants using any of the three avenues available under Section 12: Where the defendant (1) "is an inhabitant," (2) "may be found," or (3) "transacts business." 15 U.S.C. § 22.

As out-of-state colleges, universities, and a college-services software platform with campuses and headquarters outside of Massachusetts, the Non-Massachusetts Defendants are not

---

[2] The court in *Bayamón* cited to the Seventh Circuit's decision in *KM Enterprises, Inc. v. Global Traffic Technologies, Inc.*, which squarely held that the Clayton Act's nationwide service of process provision only applies to defendants for whom there also is proper venue under Section 12. 725 F.3d 718, 730 (7th Cir. 2013) ("Section 12 must be read as a package deal."). While the First Circuit has not yet addressed whether the two clauses of Section 12 must be read as an integrated whole, a majority of circuits that have addressed this question have correctly held that the two clauses are an integrated whole. *See id.*; *Daniel*, 428 F.3d at 423; *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000).

"inhabitant[s]" of the District of Massachusetts because they are not incorporated in this District. Exs. 1–21; *see Aro Mfg. Co. v. Auto. Body Rsch. Corp.*, 352 F.2d 400, 404 (1st Cir. 1965) ("The word 'inhabitant' [in 15 U.S.C. § 22] is synonymous with 'resident.' A corporation is a resident of the state in which it is incorporated.").

The Non-Massachusetts Defendants also are not "found" in the District of Massachusetts. "When applied to a corporation," to be "found" in a district means that the corporation is "present there by its officers and agents carrying on the business of the corporation." *Id.* None of the Non-Massachusetts Defendants may be "found" in the District of Massachusetts under this high standard because none maintains any campuses or offices in this District. Exs. 1–21; *see Aro Mgf. Co.*, 352 F.2d at 404; *see also Sullivan v. Tagliabue*, 785 F. Supp. 1076, 1081 (D.R.I. 1992) ("A corporation must engage in greater activities to be 'found' within a district than it must to be 'transacting business' there.") (quoting *Chrysler Corp. v. Gen. Motors Corp.*, 589 F. Supp. 1182, 1195 (D.D.C. 1984)).

Nor do the Non-Massachusetts Defendants "transact[] business" in Massachusetts within the meaning of Section 12. The U.S. Supreme Court has held that, under Section 12, "transacts business" means "the practical, everyday business or commercial concept of doing business or carrying on business of any substantial character." *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807 (1948). This standard demands more than "isolated and sporadic contacts with the forum state." *Buckeye Assocs., Ltd. v. Fila Sports, Inc.*, 616 F. Supp. 1484, 1489 (D. Mass. 1985). Rather, the "business transacted must be of a substantial character, and it must have some degree of continuity." *Id.* In *Buckeye*, the Court held that the defendants, whose operations were outside the state of Massachusetts, did not meet the "business of a substantial character" standard even though one of the two defendants sold goods through a sales agent to national retailers that had

operations in Massachusetts. *Id.* In so holding, the court relied on affidavits that the defendants submitted declaring that the defendants: (1) were organized under the laws of other jurisdictions outside of Massachusetts; (2) had corporate offices located in other jurisdictions outside of Massachusetts where all of their corporate officers and employees worked; and (3) held no bank accounts in Massachusetts. *Id.* at 1489–90. The court also noted that while the defendants conducted a "small percentage of [their] total business" in Massachusetts, this was not evidence of the sort of "systematic, continuous carrying on of business" necessary to satisfy Section 12's requirements. *Id.* at 1490.

This Court should similarly find that the Non-Massachusetts Defendants do not transact business "of a substantial character" in Massachusetts. As established in the sworn Declarations submitted concurrently herewith, the Non-Massachusetts Defendants do not have offices, full-time employees, or tangible property used for university business in this District.[3] The Non-Massachusetts Defendants do not maintain bank accounts in this District, nor do they conduct regular business operations or receive income for services performed here that constitute business "of a substantial character." *See* Exs. 1–21. Moreover, and as is particularly relevant to Plaintiffs'

---

[3] Some of the Non-Massachusetts Defendants have a small number of remote employees residing in Massachusetts. However, given that the number of such employees is *de minimis* and that those employees are engaging in work that is directed outside of Massachusetts toward the state where the relevant Defendant's campus or headquarters is located, this fact does not establish that the Non-Massachusetts Defendants "transact business" under the *Buckeye* analysis. *See Hansen*, 2025 WL 2731378, at *6 (employees who reside in-state, but who provide only "remote services" to out-of-state defendants, insufficient); *see also Am. Home Healthcare Sys., Inc. v. Floyd Mem'l Hosp. & Health Servs.*, 2017 WL 2261740, at *3 (W.D. Ky. May 23, 2017) ("The fact that some of [the defendant]'s employees resided in Kentucky, without a showing that they transacted any business in Kentucky, is not enough to satisfy the standard for Section 12 of the Clayton Act."). Likewise, no Non-Massachusetts Defendant has any tangible property in Massachusetts other than Middlebury, which as explained in its Declaration, has only a passive investment in a timeshare that it received as a gift and is not used for any university business. Ex. 10.

claims, the Non-Massachusetts Defendants do not administer their admissions or financial aid offices within the District of Massachusetts. *Id.*; *see Hansen*, 2025 WL 2731378, at *6 ("The Non-Illinois Defendants have provided declarations, however, that they do not maintain a presence in Illinois and, while some have several employees who reside in Illinois, those employees provide remote services to the Non-Illinois Defendants outside of Illinois. The declarations further indicate that the Non-Illinois Defendants make their financial aid decisions outside of Illinois.").

Plaintiffs assert that Defendants transacted business in this District "by recruiting and advertising for students residing in this District," and that each Defendant "has recruited, accepted, enrolled, and charged artificially high net prices of attendance to, and thus injured, individuals residing within this district." Doc. No. 1, Compl. ¶ 66. But these threadbare connections and conclusory allegations cannot support venue under Section 12 and do nothing to establish that any Non-Massachusetts Defendant transacted business in this District.[4] Other courts have reached the same decision when faced with similar facts and have specifically found that similar nationwide recruitment activities directed towards students or employees by out-of-state entities do not constitute "transacting business" under the Clayton Act. *See, e.g.*, *Hansen*, 2025 WL 2731378, at *6 ("While a small percentage of Illinois residents attend the Non-Illinois Defendants … without more detail about the Non-Illinois Defendants' activities, the fact that the non-Illinois Defendants recruit students from Illinois, draw some part of their student body from Illinois, and receive tuition payments from Illinois residents does not provide a basis to conclude that the Non-Illinois Defendants conduct business 'of any substantial character' in this District."); *World Ass'n of Icehockey Players Unions N. Am. Div. v. Nat'l Hockey League*, 2024 WL 4893266, at *20

---

[4] Plaintiffs do not and could not allege that Scoir "recruited, accepted, enrolled, and charged artificially high net prices of attendance to" students, as Scoir is not a school.

(S.D.N.Y. Nov. 26, 2024) (recruiting players in New York to play elsewhere did not constitute transacting business in New York); *Am. Medicorp, Inc. v. Humana, Inc.*, 445 F. Supp. 573, 579 n.2 (E.D. Pa. 1977) (recruitment visits, advertisements, letters, and attendance at industry meetings were *de minimis* contacts that did not establish venue).

Based on the allegations in the Complaint, the evidence before the Court, and established law, this Court should find that this District is not a proper venue as to the Non-Massachusetts Defendants under Section 12 of the Clayton Act. And because venue is improper under Section 12, Plaintiffs cannot establish personal jurisdiction over the Non-Massachusetts Defendants through the Clayton Act's nationwide service provision. *See Bayamón*, 2025 WL 2630671, at *20.

**B.    Plaintiffs Cannot Establish Personal Jurisdiction Over The Non-Massachusetts Defendants Under Rule 4**

Plaintiffs also cannot establish personal jurisdiction over the Non-Massachusetts Defendants under Federal Rule of Civil Procedure 4 and the Massachusetts long-arm statute. Rule 4(k)(1)(A) permits this Court to exercise personal jurisdiction over a defendant that is subject to the personal jurisdiction of the courts of Massachusetts. *See* Fed. R. Civ. P. 4(k)(1)(A). A Massachusetts court can exercise personal jurisdiction over a defendant only if doing so is consistent with the Fourteenth Amendment's Due Process Clause. *See Good Hope Indus., Inc. v. Ryder Scott Co.*, 389 N.E.2d 76, 79 (Mass. 1979).

Plaintiffs allege no facts to support exercising personal jurisdiction over the Non-Massachusetts Defendants consistent with due process, whether analyzed under the rubric of "general" personal jurisdiction or "specific" personal jurisdiction.

Plaintiffs do not allege that the Non-Massachusetts Defendants are "essentially at home" in Massachusetts, so as to subject them to general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014). And the Declarations submitted by the Non-Massachusetts Defendants

establish that they are not. Exs. 1–21. Therefore, the only question is whether the Court has specific jurisdiction over the Non-Massachusetts Defendants. It does not.

"Specific jurisdiction requires a defendant's contacts with the forum State to be directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). Here, of the four named Plaintiffs,[5] only Ms. D'Amico has alleged that she is from Massachusetts. Doc. No. 1, Compl. ¶ 17. Thus, there is no credible basis to even suggest that there is specific personal jurisdiction over the remaining three named Plaintiffs' claims and they must be dismissed. *See, e.g.*, *Bristol-Meyers Squibb Co. v. Superior Court of Calif.*, 582 U.S. 255, 264–65 (2017). As for Ms. D'Amico, she at least purports to have been a resident of Massachusetts at one time, but Ms. D'Amico has not pleaded any connection whatsoever between the harms she allegedly suffered and the conduct of the Non-Massachusetts Defendants in Massachusetts, which dooms her claim too. *See id.* at 262 ("[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."). Moreover, while Plaintiffs allege in conclusory terms that Defendants entered into a conspiracy that harmed Ms. D'Amico and the other Plaintiffs, they make no factual allegations that any Non-Massachusetts Defendant entered into such an agreement in Massachusetts or directed any actions toward Massachusetts that allegedly harmed Ms. D'Amico.

In their opposition, Plaintiffs may point to *Hahn v. Vermont Law School*, in which the First Circuit held that language in the Massachusetts long-arm statute extending to causes of action "arising from" a defendant who "transact[s] … any business within this commonwealth," Mass. Gen. Laws Ann. ch. 223A, § 3, can give rise to specific personal jurisdiction over an out-of-state

---

[5] Prior to class certification, courts look only to the claims advanced by the named Plaintiffs when assessing personal jurisdiction under Rule 4. *See Rain v. Connecticut Gen. Corp.*, 2019 WL 7604856, at *4 (D. Mass. Aug. 6, 2019).

university defendant. 698 F.2d 48, 51 (1st Cir. 1983). In *Hahn*, the plaintiff alleged a breach of contract by Vermont Law School ("VLS"), and the central question was whether VLS "engaged in any activity relating to Hahn's decisions to apply and to attend the school that constituted the transaction of business." *Id.* at 50. There, Hahn was able to establish personal jurisdiction over VLS after proving that VLS sent application information, acceptance letters, tuition bills, and grade reports to him while he was a resident of Massachusetts. *Id.* at 51 & n.2.

*Hahn* does not help Plaintiffs because no such facts are alleged in their Complaint. Instead, the Complaint and the Declarations submitted concurrently herewith establish that Ms. D'Amico did not apply to or attend any of the Non-Massachusetts Defendant schools; she also does not allege that she utilized Scoir's college-services software platform. Doc. No. 1, Compl. ¶ 17; Exs. 1–21. It necessarily follows that the Non-Massachusetts Defendant schools did not send her tuition bills or grade reports in Massachusetts. In fact, Ms. D'Amico makes no allegations whatsoever of any conduct directed toward her in Massachusetts by any Non-Massachusetts Defendant, let alone that such conduct caused her alleged harm. Therefore, even assuming *arguendo* that a school sending an application, acceptance letter, tuition bills, and grade reports to a plaintiff in Massachusetts is sufficient to give rise to specific personal jurisdiction under the Massachusetts long-arm statute in an antitrust action, none of these activities has been alleged here between the Non-Massachusetts Defendants and Ms. D'Amico.

In sum, this Court lacks specific jurisdiction over the Non-Massachusetts Defendants. The court in *Hansen* reached the same conclusion on similar allegations, finding that "Plaintiffs allege no connection between their own claims and the Non-Illinois Defendants' actions in Illinois." *Hansen*, 2025 WL 2731378, at *14. It also found that "[b]ecause Plaintiffs' claims do not arise out of any of the Non-Illinois Defendants' conduct directed at Illinois, the Court cannot exercise

specific jurisdiction over them." *Id.* Likewise, here, Plaintiffs' claims against the Non-Massachusetts Defendants do not arise out of any conduct directed at Massachusetts.

### III.    <u>CONCLUSION</u>

For the reasons above, the Non-Massachusetts Defendants should be dismissed from the case.

Dated: October 15, 2025

Respectfully submitted,

*/s/  Christopher D. Dusseault*
Christopher D. Dusseault (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: (213) 229-7000
cdusseault@gibsondunn.com

Rachel S. Brass (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.: (415) 393-8293
rbrass@gibsondunn.com

*/s/  Kelsey M. Westrich*
Kelsey M.Westrich, BBO No. 705615
Saul Ewing LLP
131 Dartmouth Street, Suite 501
Boston, MA  02116
(617) 723-3300
kelsey.westrich@saul.com

Kayleigh T. Keilty *(pro hac vice*)
Saul Ewing LLP
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
 (410) 332-8919
kayleigh.keilty@saul.com

*Counsel for Defendant Duke University*


*/s/  Jacob R. Sorensen*
Jacob R. Sorensen (*pro hac vice*)
Laura C. Hurtado (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
(415) 983-1000
jake.sorensen@pillsburylaw.com
laura.hurtado@pillsburylaw.com

Jeffrey Metzler (*pro hac vice*)

PILLSBURY WINTHROP SHAW PITTMAN
LLP
31 West 52nd Street
New York, NY 10019
(212) 858-1153
jeffrey.metzler@pillsburylaw.com

*Counsel for Defendants Barnard College, Oberlin
College, Pomona College, and Vassar College*


/s/ Juan A. Arteaga
Juan A. Arteaga (*pro hac vice*)
Rosa M. Morales (*pro hac vice*)
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 223-4000
JArteaga@crowell.com
RMorales@crowell.com

Jordan Ludwig (*pro hac vice*)
CROWELL & MORING LLP
515 South Flower Street
Los Angeles, CA  90071
(213) 622-4750
JLudwig@crowell.com

Daniel H. Leff (BBO #689302)
CROWELL & MORING LLP
1 International Place
Boston, MA  02110
(781) 795-4700
DLeff@crowell.com

*Counsel for Defendant Bowdoin College*


/s/  Daryl J. Lapp
Daryl J. Lapp (BBO #554980)
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
617.239.0100
daryl.lapp@troutman.com

Daniel Boland (*pro hac vice*)
Barbara Sicalides (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
215.981.4000
daniel.boland@troutman.com
barbara.sicalides@troutman.com

Julie Webb (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Drive
Suite 4100
Chicago, IL 60606
312.443.0700
julie.webb@troutman.com

*Counsel for Defendant Bryn Mawr College and Swarthmore College*

/s/  Jacob A. Kramer
Lawrence G. Scarborough (BBO No. 681285)
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Tel.:  (212) 248-3140
lawrence.scarborough@faegredrinker.com

Jacob A. Kramer (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW Washington, D.C. 20005
Tel.: (202) 230-5289
jake.kramer@faegredrinker.com

Emily E. Chow (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
90 S. Seventh Street Minneapolis, MN 55402
Tel.: (612) 766-8012
emily.chow@faegredrinker.com

Joshua P. Mahoney (*pro hac* vice)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street Chicago, IL 60606-5707

Tel.: (312) 212-6520
josh.mahoney@faegredrinker.com

*Counsel for Defendants Carleton College and
Macalester College*

/s/ Alisha Q. Nanda
Alisha Q. Nanda (BBO #657266)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
alisha.nanda@skadden.com

Karen Hoffman Lent (*pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
karen.lent@skadden.com

Amy L. Van Gelder (*pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
320 S. Canal St., 47th Floor
Chicago, IL 60606
(312) 407-0700
amy.vangelder@skadden.com

*Counsel for Defendant Columbia University*

/s/  Tina M. Tabacchi
Tina M. Tabacchi (*pro hac vice*)
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Tel:  (312) 782-3939
Fax:  (312) 782-8585
Email:  tmtabacchi@jonesday.com

Peter W. Schwingler (*pro hac vice*)
JONES DAY

90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Tel:  (612) 217-8800
Fax:  (844) 345-3178
Email:  pschwingler@jonesday.com

Yvonne W. Chan (BBO# 669223)
JONES DAY
100 High Street, 22nd Floor
Boston, Massachusetts  02110
Tel:  (617) 960-3939
Fax:  (617) 449-6999
Email:  ychan@jonesday.com

*Counsel for Defendant Emory University*


/s/  Austin Evers
Austin Evers  (#676985)
Eric Mahr (*pro hac vice*)
Heather P. Lamberg (*pro hac vice*)
Jan Rybnicek (*pro hac vice*)
FRESHFIELDS LLP
700 13th Street NW - 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com
heather.lamberg@freshfields.com
jan.rybnicek@freshfields.com

*Counsel for Defendants Haverford College,*
*and Middlebury College*


/s/  John P. Bueker
John P. Bueker (BBO #636435)
ROPES & GRAY LLP
Prudential Tower 800 Boylston Street
Boston, Massachusetts 02119
(617) 951-7000
John.Bueker@ropesgray.com

Samer M. Musallam *(pro hac vice)*
Elizabeth T. McInerney *(pro hac vice)*
Logan D. Hovie *(pro hac vice)*

15

ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, D.C. 20006
(202) 508-4600
Samer.Musallam@ropesgray.com
Elizabeth.McInerney@ropesgray.com
Logan.Hovie@ropesgray.com

*Counsel for Defendant Johns Hopkins University*


/s/  Jack W Pirozzolo
Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
jpirozzolo@sidley.com
(617) 223-0304

Scott D. Stein (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn St.
Chicago, IL 60603
sstein@sidley.com
(312) 853-7000

*Counsel for Defendant Northwestern University*


/s/  Andrew S. Dulberg
Andrew S. Dulberg (BBO No. 675405)
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Andrew.Dulberg@wilmerhale.com

David Z. Gringer (*admitted pro hac vice*)
7 World Trade Center
250 Greenwich St.
New York, NY  10007
Telephone: (212) 230-8800
David.Gringer@wilmerhale.com

*Counsel for Defendant the Trustees of the*

University of Pennsylvania

/s/ Sarah F. Kirkpatrick
Sarah F. Kirkpatrick (BBO No. 667300)
Cole T. Wintheiser (*pro hac vice*)
Williams & Connolly LLP
680 Maine Ave. SW
Washington, DC 20024
Tel: 202-434-5000
skirkpatrick@wc.com
cwintheiser@wc.com

Counsel for Defendant Scoir, Inc.

/s/ J. Mark Gidley
J. Mark Gidley (*pro hac vice*)
WHITE & CASE LLP
701 13th Street N.W.
Washington, DC 20005
(202) 626-3600
mgidley@whitecase.com

C. Kelly Newman
Dan Medici
WHITE & CASE LLP
75 State Street
Boston, MA 02109
(617) 979-9300
kelly.newman@whitecase.com
dan.medici@whitecase.com

Jack E. Pace III (*pro hac vice*)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
(212) 819-8200
jpace@whitecase.com

Counsel for Defendant Vanderbilt University

/s/ John F. Baughman
John F. Baughman (*pro hac vice pending*)
BAUGHMAN KROUP BOSSE PLLC

17

One Liberty Plaza – 46th Floor
New York, NY 10006
(212) 548-3212
jbaughman@bkbfirm.com

*Counsel for Defendant the University of Rochester*


*/s/  Michael Ryan Meuth*
Michael Ryan Meuth (BBO #714093)
PAUL HASTINGS LLP
200 Clarendon Street
Boston, MA 02116
(617) 912-1652
ryanmeuth@paulhastings.com

Ryan P. Phair (*pro hac vice*)
Christopher C. Brewer (*pro hac vice*)
Jill Rogowski (*pro hac vice*)
Samuel J. Thomas (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
(202) 551-1700
ryanphair@paulhastings.com
chrisbrewer@paulhastings.com
jillianrogowski@paulhastings.com
samthomas@paulhastings.com

Stephen McIntyre (*pro hac vice*)
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000
stephenmcintyre@paulhastings.com

*Counsel for Defendant Washington*
*University in St. Louis*