UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAYNA D'AMICO, MAX MILLER, BELLA ROBINSON, and BRAM SILBERT, representing themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONSORTIUM ON FINANCING HIGHER EDUCATION, THE COMMON APPLICATION INC., SCOIR INC., AMHERST COLLEGE, BARNARD COLLEGE, BOWDOIN COLLEGE, BROWN UNIVERSITY, BRYN MAWR COLLEGE, CARLETON COLLEGE, COLUMBIA UNIVERSITY, CORNELL UNIVERSITY, THE TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, HAVERFORD COLLEGE, JOHNS HOPKINS UNIVERSITY, MACALESTER COLLEGE, MIDDLEBURY COLLEGE, MOUNT HOLYOKE COLLEGE, NORTHWESTERN UNIVERSITY, OBERLIN COLLEGE, POMONA COLLEGE, WILLIAM MARSH RICE UNIVERSITY, SMITH COLLEGE, SWARTHMORE COLLEGE, TRINITY COLLEGE, UNIVERSITY OF CHICAGO, UNIVERSITY OF PENNSYLVANIA, UNIVERSITY OF ROCHESTER, VANDERBILT UNIVERSITY, VASSAR COLLEGE, WASHINGTON UNIVERSITY IN ST. LOUIS, WELLESLEY COLLEGE, WESLEYAN UNIVERSITY, and WILLIAMS COLLEGE<br><br>Defendants. | Case No. 1:25-cv-12221-AK |

**NON-MASSACHUSETTS DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## **TABLE OF CONTENTS**

                                                                                                                     Page

I.      Plaintiffs Cannot Establish Personal Jurisdiction Under The Clayton Act..............1

II.     Rule 4 Does Not Authorize The Exercise Of Personal Jurisdiction ........................4

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Am. Freedom Train Found. v. Spurney*,
   747 F.2d 1069 (1st Cir. 1984) ................................................................................................ 4

*Am. Medicorp, Inc. v. Humana, Inc.*,
   445 F. Supp. 573 (E.D. Pa. 1977) ........................................................................................... 3

*Bartholomew v. Va. Chiropractors Ass'n, Inc.*,
   612 F.2d 812 (4th Cir. 1979) ............................................................................................. 2, 3

*Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*,
   825 F.3d 28 (1st Cir. 2016) ..................................................................................................... 4

*Buckeye Assocs., Ltd. v. Fila Sports, Inc.*,
   616 F. Supp. 1484 (D. Mass. 1985) ........................................................................................ 1

*Cossart v. United Excel Corp.*,
   804 F.3d 13 (1st Cir. 2015) ..................................................................................................... 5

*Daniel v. Am. Bd. of Emergency Med.*,
   428 F.3d 408 (2d Cir. 2005) .................................................................................................... 2

*Frawley v. Nexstar Media Grp., Inc.*,
   2023 WL 6065768 (D. Mass. Sept. 18, 2023) ........................................................................ 5

*Golf City, Inc. v. Wilson Sporting Goods, Co.*,
   555 F.2d 426 (5th Cir. 1977) .................................................................................................. 2

*Greenspan v. MasMarques*,
   2024 WL 1258062 (D. Mass. Mar. 25, 2024) ........................................................................ 5

*Hahn v. Vermont Law School*,
   698 F.2d 48 (1st Cir. 1983) ..................................................................................................... 5

*Hansen v. Nw. Univ.*,
   2025 WL 2731378 (N.D. Ill. Sept. 24, 2025) ................................................................ 1, 2, 4

*KM Enters., Inc. v. Global Traffic Techs., Inc.*,
   725 F.3d 718 (7th Cir. 2013) .................................................................................................. 1

*Rain v. Conn. Gen. Corp.*,
   2019 WL 7604856 (D. Mass. Aug. 6, 2019) ......................................................................... 4

*Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc.*,
   43 F.4th 150 (1st Cir. 2022) ................................................................................................... 4

Plaintiffs' Opposition confirms there is no personal jurisdiction over the Non-Massachusetts Defendants ("NMDs") under Section 12 of the Clayton Act or Federal Rule of Civil Procedure 4. Thus, the NMDs must be dismissed from this case. *See Hansen v. Nw. Univ.*, 2025 WL 2731378, at *4–7 (N.D. Ill. Sept. 24, 2025).

## I. Plaintiffs Cannot Establish Personal Jurisdiction Under The Clayton Act

Plaintiffs do not dispute that Section 12's two clauses must be read as an integrated whole. *Compare* Doc. No. 225 (Opposition) at 17 (citing *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 730 (7th Cir. 2013)), *with* Doc. No. 218 (Motion) at 3 n.2 (same). But they miss the point made by the NMDs: Because the clauses are read as an integrated whole, Plaintiffs may invoke Section 12's personal jurisdiction clause only if they satisfy Section 12's venue clause. Doc. No. 218 at 2–3. They cannot do so here, so the Court lacks jurisdiction.

Venue is not proper in Massachusetts for the NMDs because none (1) "is an inhabitant," (2) "may be found," or (3) "transacts business" here. The only avenue Plaintiffs attempt to travel is the "transacts business" path, but it's a dead end. As this Court has made clear, "[a]mong factors to be considered" in the "transacts business" analysis are: "(1) place to do business; (2) people to carry on business; (3) tangible property; (4) subjection to state regulation; (5) business operations; (6) manifestations of doing business; and (7) goodwill activities." *Buckeye Assocs., Ltd. v. Fila Sports, Inc.*, 616 F. Supp. 1484, 1489 (D. Mass. 1985). Plaintiffs do not—and cannot—dispute that most of these factors weigh against a finding that venue is proper for the NMDs: none has offices or tangible property used for university business here; none conducts regular business operations or receives income for services performed here that constitute business of a substantial character; none administers its admissions or financial aid offices here; and the only employees of any NMD that reside here support operations outside Massachusetts. Doc. No. 218 at 5 & Exs. 1–

21. Similar facts recently resulted in dismissal for lack of personal jurisdiction in a virtually identical context. *Hansen*, 2025 WL 2731378, at *6 (dismissing many of very same institutions).

Ignoring *Buckeye*, Plaintiffs focus narrowly on the tuition payments that students who come from Massachusetts make for the educations they receive in other states, and claim those payments are Massachusetts-based "revenues" that, standing alone, establish that the NMDs transact business here. Not so. First, Plaintiffs' myopic focus on revenues misstates the law, as *Buckeye* and Plaintiffs' cited cases (Doc. No. 225 at 19–20) make clear. Second, these tuition payments are not properly considered Massachusetts revenues *at all*. Rather, the "business" that occurs when a student from Massachusetts enrolls out of state occurs in the state where the school is located. As the NMDs' sworn declarations establish, nearly every aspect of their "business"— from classes to facilities to ED programs—occurs out of state. Doc. No. 218 at Exs. 1–21. That is why Plaintiffs fail to identify any case holding that a school transacts business in every state from which it has enrolled paying students. Further, *Hansen* rejected this very same argument. 2025 WL 2731378, at *6 (that out-of-state schools "draw some part of their student body from Illinois, and receive tuition payments from Illinois residents" was insufficient to establish venue).

Plaintiffs attempt to discredit *Hansen* by claiming it erroneously analogizes to cases involving trade associations that, in contrast to universities, supposedly do not earn revenue. Doc. No. 225 at 22. This argument is baseless. For instance, the holding of *Daniel v. Am. Bd. of Emergency Med.*, on which Plaintiffs rely, concerns a non-trade association defendant (i.e., a non-profit that, like the NMDs, "is not a membership organization" and earns revenue). 428 F.3d 408, 415, 430 (2d Cir. 2005). And contrary to Plaintiffs' suggestion, the trade association in *Golf City, Inc. v. Wilson Sporting Goods, Co.*, had "dues-paying" members (and thus revenue) originating from the district. 555 F.2d 426, 437 (5th Cir. 1977). Lastly, nothing in *Bartholomew v. Va.*

*Chiropractors Ass'n, Inc.*, suggests the Section 12 "transacts business" inquiry is any different for trade associations. 612 F.2d 812, 816 (4th Cir. 1979) (analyzing the *Buckeye* factors).

Plaintiffs' remaining arguments fare no better. They argue this case is distinguishable from *Hansen* because "each [NMD] regularly attends in-person meetings in this District." Doc. No. 225 at 23. But Plaintiffs' Complaint contains no such allegation. Rather, it merely alleges that COFHE's principal place of business is in Massachusetts, that Defendants are (or were) members of COFHE, and that COFHE's website "highlights" in-person meetings (without alleging when and where the meetings occurred, and which schools attended). Doc. No. 1 ¶¶ 67, 118–19.

Finally, Plaintiffs' argument that the NMDs transact business by "actively recruit[ing] and market[ing] to Massachusetts students … ; solicit[ing] donations and alumni support within the Commonwealth; and participat[ing] … in a nationwide admissions network," Doc. No. 225 at 23, fails because courts have repeatedly held that similar nationwide recruitment activities directed towards students or employees do not rise to the level of "transacting business" under Section 12. Doc. No. 218 at 6–7 (citing cases). Plaintiffs' attempts to distinguish these cases by misstating their holdings, the Complaint's allegations, and the NMDs' sworn declarations, is not persuasive. For example, Plaintiffs say *Am. Medicorp, Inc. v. Humana, Inc.*, 445 F. Supp. 573 (E.D. Pa. 1977), "did not reject th[e] theory" that recruiting visits and meeting attendance suffice to establish venue, Doc. No. 225 at 21–22, but that is precisely what the court recognized: "The recruitment visits … and attendance at industry meetings are clearly de minimis contacts, and lack merit as a basis for establishing venue." *Am. Medicorp*, 445 F. Supp. at 579 n.2; *see also* Doc. No. 225 at 21–22 (claiming, wrongly, that the Complaint alleges in-person meetings in Cambridge and that the NMDs "affirmatively admit" to generating Massachusetts revenues).

**II.    Rule 4 Does Not Authorize The Exercise Of Personal Jurisdiction**

Plaintiffs do not argue that general jurisdiction exists here, and they fail to establish that specific personal jurisdiction exists over the NMDs.  *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016) (burden lies with the plaintiff).

As an initial matter, Plaintiffs disregard a critical threshold issue: The specific jurisdiction inquiry in a putative class action is limited to evaluating claims asserted by the *named plaintiffs*.  Doc. No. 218 at 8; *Rain v. Conn. Gen. Corp.*, 2019 WL 7604856, at *4 (D. Mass. Aug. 6, 2019); *Hansen*, 2025 WL 2731378, at *6.  Ignoring this, Plaintiffs claim the allegations that Defendants "recruit[ed] students, facilitat[ed] and restrict[ed] applications, collect[ed] tuition and donations, and participat[ed] in repeated in-person meetings hosted by COFHE in Cambridge" suffice to establish personal jurisdiction under Rule 4.  Doc. No. 225 at 26.  But Ms. D'Amico (the only named Plaintiff from Massachusetts) does not allege that any of the NMD schools recruited *her*, that *she* applied to any of them, or that any of them collected tuition or donations from *her*; she also did not use Scoir's software platform.  Doc. No. 218 at Exs. 1–21.  And contrary to the representation in Plaintiffs' brief, Ms. D'Amico does not allege that any NMD attended in-person meetings in Cambridge (*supra* p. 3), let alone allege a connection between those meetings and her claimed injuries.  Thus, she has not established the requisite connection between the harms she allegedly suffered and any conduct of the NMDs in Massachusetts, as due process requires. *Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc.*, 43 F.4th 150, 160 (1st Cir. 2022) (plaintiff must demonstrate her "claims ... arise out of or relate to the defendant's contacts with the forum").

Nor have Plaintiffs established that sections (a), (c), or (d) of Mass. Gen. Laws Ann. ch. 223A authorize the exercise of jurisdiction.  *Am. Freedom Train Found. v. Spurney*, 747 F.2d 1069, 1074–75 (1st Cir. 1984) (exercise of jurisdiction must comport with the long-arm statute).

4

Regarding section (a), Plaintiffs do not dispute that the contacts that established jurisdiction in *Hahn v. Vermont Law School*, 698 F.2d 48 (1st Cir. 1983), are not alleged in the Complaint. Plaintiffs instead point to their conclusory allegations regarding recruitment and advertising activity in and acceptance of applications, tuition, and donations from Massachusetts. Doc. No. 225 at 26. But in *Hahn*, the conduct at issue was directed specifically toward the plaintiff, who attended the defendant school, and the plaintiff's claim (for breach of contract) arose from that conduct. 698 F.2d at 51 (statute's "arising from" requirement was satisfied because "the cause of action is for an alleged breach of contract and the business transacted was instrumental in the formation of the contract"). That is not the case here, as Ms. D'Amico does not allege that any NMD recruited or advertised to her, accepted her application, or received tuition or donations from her; thus, none could be the "'but for' cause of the harm" she alleges. *Cossart v. United Excel Corp.*, 804 F.3d 13, 18 (1st Cir. 2015) (for a claim to "aris[e] from" a defendant's "transacting any business" under section 223A, the transacted business must be a "'but for' cause of the harm alleged"). Plaintiffs next say they satisfy section (c)'s "some act" requirement by alleging Defendants "repeatedly traveled to Massachusetts to discuss admissions conduct and exchange competitively sensitive information through COFHE." Doc. No. 225 at 26. But again, nowhere do Plaintiffs allege that any NMD ever traveled here for that purpose (or otherwise). Plaintiffs have thus "not point[ed] to any facts surrounding the circumstances of the injury [they] claim[] to have suffered" at the hands of the NMDs that bears any connection to Massachusetts. *Greenspan v. MasMarques*, 2024 WL 1258062, at *9 (D. Mass. Mar. 25, 2024) (plaintiff "failed to show that Section 3(c)" applied). Lastly, citing no cases, Plaintiffs invoke section (d). Doc. No. 225 at 27. But section (d) applies only when a court "has general jurisdiction over the defendants." *Frawley v. Nexstar Media Grp., Inc.,* 2023 WL 6065768, at *4 (D. Mass. Sept. 18, 2023) (Kelley, J.).

5

| | |
|---|---|
| Dated: December 19, 2025 | Respectfully submitted, |

/s/   *Christopher D. Dusseault*
Christopher D. Dusseault (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: (213) 229-7000
cdusseault@gibsondunn.com

Rachel S. Brass (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.: (415) 393-8293
rbrass@gibsondunn.com

/s/   *Kelsey M. Westrich*
Kelsey M. Westrich, BBO No. 705615
Saul Ewing LLP
131 Dartmouth Street, Suite 501
Boston, MA  02116
(617) 723-3300
kelsey.westrich@saul.com

Kayleigh T. Keilty *(pro hac vice)*
Saul Ewing LLP
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
 (410) 332-8919
kayleigh.keilty@saul.com

*Counsel for Defendant Duke University*


/s/  *Jacob R. Sorensen*
Jacob R. Sorensen (*pro hac vice*)
Laura C. Hurtado (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
(415) 983-1000
jake.sorensen@pillsburylaw.com

laura.hurtado@pillsburylaw.com

Jeffrey Metzler (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
(212) 858-1153
jeffrey.metzler@pillsburylaw.com

*Counsel for Defendants Barnard College, Oberlin College, Pomona College, and Vassar College*


*/s/ Juan A. Arteaga*
Juan A. Arteaga (*pro hac vice*)
Rosa M. Morales (*pro hac vice*)
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 223-4000
JArteaga@crowell.com
RMorales@crowell.com

Jordan Ludwig (*pro hac vice*)
CROWELL & MORING LLP
515 South Flower Street
Los Angeles, CA 90071
(213) 622-4750
JLudwig@crowell.com

Daniel H. Leff (BBO #689302)
CROWELL & MORING LLP
1 International Place
Boston, MA 02110
(781) 795-4700
DLeff@crowell.com

*Counsel for Defendant Bowdoin College*


*/s/ Daryl J. Lapp*
Daryl J. Lapp (BBO #554980)
TROUTMAN PEPPER LOCKE LLP

7

111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
617.239.0100
daryl.lapp@troutman.com

Daniel Boland (*pro hac vice*)
Barbara Sicalides (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
215.981.4000
daniel.boland@troutman.com
barbara.sicalides@troutman.com

Julie Webb (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Drive
Suite 4100
Chicago, IL 60606
312.443.0700
julie.webb@troutman.com

*Counsel for Defendant Bryn Mawr College and Swarthmore College*


/s/  Jacob A. Kramer
Lawrence G. Scarborough (BBO No. 681285)
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Tel.:  (212) 248-3140
lawrence.scarborough@faegredrinker.com

Jacob A. Kramer (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW Washington, D.C. 20005
Tel.: (202) 230-5289
jake.kramer@faegredrinker.com

Emily E. Chow (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
90 S. Seventh Street Minneapolis, MN 55402
Tel.: (612) 766-8012

emily.chow@faegredrinker.com

Joshua Patrick Mahoney (*pro hac* vice)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street Chicago, IL 60606-5707
Tel.: (312) 212-6520
josh.mahoney@faegredrinker.com

*Counsel for Defendants Carleton College and Macalester College*


/s/ Alisha Q. Nanda
Alisha Q. Nanda (BBO #657266)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
alisha.nanda@skadden.com

Karen Hoffman Lent (*pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
karen.lent@skadden.com

Amy L. Van Gelder (*pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
320 S. Canal St., 47th Floor
Chicago, IL 60606
(312) 407-0700
amy.vangelder@skadden.com

*Counsel for Defendant Columbia University*


/s/ Tina M. Tabacchi
Tina M. Tabacchi (*pro hac vice*)
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606

Tel: (312) 782-3939
Fax: (312) 782-8585
Email: tmtabacchi@jonesday.com

Peter W. Schwingler (*pro hac vice*)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Tel: (612) 217-8800
Fax: (844) 345-3178
Email: pschwingler@jonesday.com

Yvonne W. Chan (BBO# 669223)
JONES DAY
100 High Street, 22nd Floor
Boston, Massachusetts 02110
Tel: (617) 960-3939
Fax: (617) 449-6999
Email: ychan@jonesday.com

*Counsel for Defendant Emory University*


*/s/ Austin Evers*
Austin Evers (#676985)
Eric Mahr (*pro hac vice*)
Heather P. Lamberg (*pro hac vice*)
Jan Rybnicek (*pro hac vice*)
FRESHFIELDS LLP
700 13th Street NW - 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com
heather.lamberg@freshfields.com
jan.rybnicek@freshfields.com

*Counsel for Defendants Haverford College, and Middlebury College*


*/s/ John P. Bueker*
John P. Bueker (BBO #636435)
ROPES & GRAY LLP
Prudential Tower 800 Boylston Street
Boston, Massachusetts 02119

10

(617) 951-7000
John.Bueker@ropesgray.com

Samer M. Musallam *(pro hac vice)*
Elizabeth T. McInerney *(pro hac vice)*
Logan D. Hovie *(pro hac vice)*
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, D.C. 20006
(202) 508-4600
Samer.Musallam@ropesgray.com
Elizabeth.McInerney@ropesgray.com
Logan.Hovie@ropesgray.com

*Counsel for Defendant Johns Hopkins University*


*/s/  Jack W Pirozzolo*
Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
jpirozzolo@sidley.com
(617) 223-0304

Scott D. Stein (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn St.
Chicago, IL 60603
sstein@sidley.com
(312) 853-7000

*Counsel for Defendant Northwestern University*


*/s/  Andrew S. Dulberg*
Andrew S. Dulberg (BBO No. 675405)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Andrew.Dulberg@wilmerhale.com

David Z. Gringer (*admitted pro hac vice*)

11

7 World Trade Center
250 Greenwich St.
New York, NY  10007
Telephone: (212) 230-8800
David.Gringer@wilmerhale.com

*Counsel for Defendant the Trustees of the University of Pennsylvania*


*/s/ Sarah F. Kirkpatrick*
Sarah F. Kirkpatrick (BBO No. 667300)
Cole T. Wintheiser (*pro hac vice*)
Williams & Connolly LLP
680 Maine Ave. SW
Washington, DC 20024
Tel: 202-434-5000
skirkpatrick@wc.com
cwintheiser@wc.com

*Counsel for Defendant Scoir, Inc.*


*/s/ J. Mark Gidley*
J. Mark Gidley (*pro hac vice*)
WHITE & CASE LLP
701 13th Street N.W.
Washington, DC 20005
(202) 626-3600
mgidley@whitecase.com

C. Kelly Newman
Dan Medici
WHITE & CASE LLP
75 State Street
Boston, MA 02109
(617) 979-9300
kelly.newman@whitecase.com
dan.medici@whitecase.com

Jack E. Pace III (*pro hac vice*)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
(212) 819-8200

12

jpace@whitecase.com

*Counsel for Defendant Vanderbilt University*


*/s/ John F. Baughman*
John F. Baughman (*pro hac vice pending*)
BAUGHMAN KROUP BOSSE PLLC
One Liberty Plaza – 46th Floor
New York, NY 10006
(212) 548-3212
jbaughman@bkbfirm.com

*Counsel for Defendant the University of Rochester*


*/s/ Michael Ryan Meuth*
Michael Ryan Meuth (BBO #714093)
PAUL HASTINGS LLP
200 Clarendon Street
Boston, MA 02116
(617) 912-1652
ryanmeuth@paulhastings.com

Ryan P. Phair (*pro hac vice*)
Christopher C. Brewer (*pro hac vice*)
Jill Rogowski (*pro hac vice*)
Samuel J. Thomas (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
(202) 551-1700
ryanphair@paulhastings.com
chrisbrewer@paulhastings.com
jillianrogowski@paulhastings.com
samthomas@paulhastings.com

Stephen McIntyre (*pro hac vice*)
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000
stephenmcintyre@paulhastings.com

*Counsel for Defendant Washington University in St. Louis*

13

## **CERTIFICATE OF SERVICE**

I, Kelsey M. Westrich, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on December 19, 2025.

                                                */s/ Kelsey M. Westrich*
                                                Kelsey M. Westrich