# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALAYNA D'AMICO, MAX MILLER, BELLA ROBINSON, and BRAM SILBERT, representing themselves and all others similarly situated,

                    Plaintiffs,

        v.

CONSORTIUM ON FINANCING HIGHER EDUCATION, THE COMMON APPLICATION INC., SCOIR INC., AMHERST COLLEGE, BARNARD COLLEGE, BOWDOIN COLLEGE, BROWN UNIVERSITY, BRYN MAWR COLLEGE, CARLETON COLLEGE, COLUMBIA UNIVERSITY, CORNELL UNIVERSITY, DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, HAVERFORD COLLEGE, JOHNS HOPKINS UNIVERSITY, MACALESTER COLLEGE, MIDDLEBURY COLLEGE, MOUNT HOLYOKE COLLEGE, NORTHWESTERN UNIVERSITY, OBERLIN COLLEGE, POMONA COLLEGE, RICE UNIVERSITY, SMITH COLLEGE, SWARTHMORE COLLEGE, TRINITY COLLEGE, UNIVERSITY OF CHICAGO, UNIVERSITY OF PENNSYLVANIA, UNIVERSITY OF ROCHESTER, VANDERBILT UNIVERSITY, VASSAR COLLEGE, WASHINGTON UNIVERSITY IN ST. LOUIS, WELLESLEY COLLEGE, WESLEYAN UNIVERSITY, and WILLIAMS COLLEGE,

                    Defendants.

Case No. 25-cv-12221-AK

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit the attached Memorandum Opinion and Order in *Corzo v. Brown University*, No. 22-cv-125 (N.D. Ill. Jan. 12, 2026) (Kennelly, J.), as supplemental authority.[1] In *Corzo*, the court denied summary judgment on plaintiffs' Sherman Act §1 claims challenging an alleged agreement among private universities restricting competition for students. The decision reinforces Plaintiffs' opposition to Defendants' motions to dismiss in at least three relevant respects.

*First*, *Corzo* confirms that the existence of an agreement is analytically distinct from, and antecedent to, any inquiry into the agreement's purpose, effect, or ultimate legality. The court emphasized that "section 1 does not require any particular kind of agreement to trigger antitrust scrutiny," that an agreement may be shown by "even a vague understanding between competitors on a common course of action," (internal citation removed), and that shared rules, practices, and information exchanges can evidence an agreement. Ex. A at 10–14. Indeed, part of the *Corzo* plaintiffs' showing of agreement was evidence that COFHE members (a subset of defendants there) "shared admissions and financial aid data from [COFHE's] member schools[.]" Ex. A at 6. These conclusions directly support Plaintiffs' allegations of concerted action here. *See* ECF 225 at 28–45.

*Second*, *Corzo*'s analysis of the proper analytical framework (as among *per se*, quick look, and full rule-of-reason) turned on a full evidentiary record. Ex. A at 14–19; *cf.* ECF 225 at 45–48; *Carbone*, 621 F. Supp. 3d at 889 ("defer[ring] the question of which framework to use for later" in denying motions to dismiss). Although *Corzo* ultimately rejected *per se* treatment, it did so only after concluding—on a developed record—that plaintiffs had not discovered a traditional price-

---

[1] *Corzo* formerly was captioned *Carbone v. Brown University*. *See* ECF 225 at 56–57 (citing *Carbone*).

fixing (or market-allocation) agreement.

*Third*, *Corzo*'s evidence-driven analysis of market definition and market power confirms that these fact-intensive inquiries typically are resolvable only on a developed record—usually by a jury. Ex. A at 19–35; *cf.* ECF 225 at 55–59.

Plaintiffs respectfully request that the Court consider *Corzo* as supplemental authority.


Dated: January 16, 2026

Respectfully Submitted:

By:___/s/ *Peter Leckman*_____

Edward Diver (admitted *pro hac vice*)
Peter Leckman (admitted *pro hac vice*)
Kevin Trainer (admitted *pro hac vice*)
**LANGER GROGAN & DIVER P.C.**
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
ndiver@langergrogan.com
pleckman@langergrogan.com
ktrainer@langergrogan.com

Daniel H. Silverman
Massachusetts Bar ID: 704387
**COHEN MILSTEIN SELLERS & TOLL PLLC**
769 Centre Street, Suite 207
Boston, MA 02130
Tel: (617) 858-1990
dsilverman@cohenmilstein.com

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel McCuaig (admitted *pro hac vice*)
Alex Bodaken (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Eighth Floor
Washington, DC 20005
Tel: (202) 408-4600
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dmccuaig@cohenmilstein.com
abodaken@cohenmilstein.com

Emily Marcus (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
emarcus@cohenmilstein.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiffs' Notice of Supplemental Authority

has been served on all counsel of record via the Court's ECF system on January 16, 2026.


_/s/ Peter Leckman_
Peter Leckman

4