## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAYNA D'AMICO, MAX MILLER, BELLA ROBINSON, AND BRAM SILBERT, | Case No. 1:25-cv-12221 |
| Plaintiffs, | |
| v. | Judge Angel Kelley |
| CONSORTIUM ON FINANCING HIGHER EDUCATION, THE COMMON APPLICATION INC., SCOIR INC., AMHERST COLLEGE, BARNARD COLLEGE, BOWDOIN COLLEGE, BROWN UNIVERSITY, BRYN MAWR COLLEGE, CARLETON COLLEGE, COLUMBIA UNIVERSITY, CORNELL UNIVERSITY, DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, HAVERFORD COLLEGE, JOHNS HOPKINS UNIVERSITY, MACALESTER COLLEGE, MIDDLEBURY COLLEGE, MOUNT HOLYOKE COLLEGE, NORTHWESTERN UNIVERSITY, OBERLIN COLLEGE, POMONA COLLEGE, WILLIAM MARSH RICE UNIVERSITY, SMITH COLLEGE, SWARTHMORE COLLEGE, TRINITY COLLEGE, UNIVERSITY OF CHICAGO, UNIVERSITY OF PENNSYLVANIA, UNIVERSITY OF ROCHESTER, VANDERBILT UNIVERSITY, VASSAR COLLEGE, WASHINGTON UNIVERSITY IN ST. LOUIS, WELLESLEY COLLEGE, WESLEYAN UNIVERSITY, and WILLIAMS COLLEGE, | |
| Defendants. | |

## DEFENDANTS' POST-HEARING SUPPLEMENTAL BRIEF

Defendants respectfully submit this supplemental brief to emphasize four points arising from Friday's hearing that compel dismissal of the Complaint.

**First**, Plaintiffs candidly characterized their own theory of **injury** as tied to whether a school offers Early Decision—not the conspiracy alleged in the Complaint. *See, e.g.*, Tr. 26:1-12, May 1, 2026. At the hearing, Plaintiffs conceded that they challenge only an alleged "hands off" agreement among Defendant Schools—*i.e.*, an agreement "to stop competing for applicants as soon as the applicant receives an early decision offer from one of the other schools." Tr. 9:1-5, 10:16-19, 11:21-22.

This "hands off" theory, among its many flaws, is utterly divorced from Plaintiffs' antitrust standing allegations. Antitrust standing requires Plaintiffs to allege an injury "flow[ing] from that which makes the defendants' acts unlawful." *RSA Media, Inc. v. AK Media Grp., Inc.*, 260 F.3d 10, 14 (1st Cir. 2001). If the alleged conduct is a purported "hands off" agreement, not Early Decision, then Plaintiffs need to plausibly allege harm flowing from that supposed agreement. They do not. All they have is a chart of tuition increases at *all schools* (Compl. ¶ 129) that supposedly correlates with the adoption of Early Decision at some unknown set of schools. Plaintiffs do not attempt to isolate Defendant Schools or even the broader universe of schools with Early Decision policies. All of Plaintiffs' "harm to students" allegations (Compl. ¶¶ 125-49) focus solely on purported injuries from Early Decision itself rather than the alleged "hands off" agreement they challenge.

Perhaps recognizing this fatal deficiency, Plaintiffs argued that Early Decision is a "loaded term," Tr. 10:24-25, and repeatedly suggested that Defendant Schools should—and perhaps are even required to—replace Early Decision with some other admissions process. Tr. 11:12-14, 14:9-

15:3, 17:22-18:9.[1] But Plaintiffs' pivot does not help them. The purported "hands off" agreement is not part of Early Decision itself, as is clear from the hundreds of colleges and universities not part of this case that offer Early Decision without any alleged "hands off" agreement, and from the colleges and universities without Early Decision, like MIT, Yale, and Harvard, that purportedly do not compete for students admitted Early Decision. *See* Compl. ¶¶ 115-17. Because Early Decision—and not the purported "hands off" agreement—is the alleged source of Plaintiffs' injury, the challenged harm does not "flow" from the alleged unlawful conduct. Plaintiffs thus lack antitrust standing.

**Second**, Plaintiffs' discussion of the **alleged agreement** at Friday's hearing confirms they do not allege sufficient facts to make any agreement plausible. Controlling Supreme Court and Circuit precedent thus compels dismissal. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Evergreen Partnering Grp., Inc. v. Pactiv Corp.*, 720 F.3d 33, 43 (1st Cir. 2013). Plaintiffs were unable to explain *when* Defendant Schools allegedly even began a supposed "hands off" agreement, falling short of *Evergreen*'s requirement that a plaintiff allege "the general contours of when an agreement was made." 720 F.3d at 46. And when the Court asked why other schools using Early Decision were not defendants, Plaintiffs' counsel responded: "Once we're into discovery, is it possible that there are other schools who have actually joined this agreement instead of just following the leader? Sure, it's possible, and we could always amend our complaint at that point in time." Tr. 12:9-13. Counsel elaborated: "We don't know now without discovery whether Ithaca

---

[1] Plaintiffs held up for the Court examples of schools offering rolling Early Decision programs, such as Wake Forest University, or the prospect of staggered Early Decision deadlines that would allow an applicant to apply Early Decision multiple times as "the type of move that in a free competitive market where there's not an agreement in the background, you would expect to be mimicked by other schools . . . ." Tr. 18:14-17. These examples are disconnected from Plaintiffs' "hands off" theory. And they also contradict the Complaint, which acknowledges that some Defendant Schools already offer multiple Early Decision rounds. *See* Compl. ¶ 79, n.1 ("Some . . . Defendants also offer a later round of ED, known as 'Early Decision II' . . . .").

College joined this agreement on the one hand or just wants to look like Cornell on the other hand." *Id.* at 29:2-4. This is a candid admission of exactly the deficiency *Twombly* identifies. If Plaintiffs' framework cannot distinguish Ithaca from Cornell, then how can it plausibly claim to distinguish any of the 32 Defendant Schools from the hundreds of other institutions that Plaintiffs concede independently maintain the same admissions practices for the same reasons? The plausibility standard exists to distinguish concerted action from independent parallel behavior *before* subjecting defendants to the extensive burdens and significant expense of antitrust discovery. *Twombly*, 550 U.S. at 557-58. This case shows why. Self-interested and rational behavior, engaged in by schools *without* Early Decision as well as those with Early Decision (Compl. ¶¶ 115-17), is not a basis to subject Defendants to years of costly and burdensome antitrust litigation. This is particularly so for nonprofit institutions of higher education. The court in *Hansen* recognized as much in dismissing a similar antitrust complaint. *Hansen v. Northwestern Univ.*, 2025 WL 2731378, at *7-11 (N.D. Ill. Sept. 24, 2025).

Plaintiffs also pointed repeatedly to the Ivy League statement involving eight Ivy League schools as their strongest evidence of a conspiracy, but that offers no assistance regarding the alleged agreement *among* 32 schools. The Ivy League is an athletic conference that maintains league-wide policies like any other sports league. Consider the Ivy League's no-athletic scholarship policy, upheld in *Choh v. Brown University*, 753 F. Supp. 3d 117 (D. Conn. 2024), *aff'd*, 2026 WL 905018 (2d Cir. Apr. 2, 2026). There, none of the many other Division I schools— including many of the Defendants in this case like Duke, Rice, Northwestern, and Vanderbilt— adhered to or were alleged to have adhered to the challenged no-athletic scholarship policy. Similarly, the Complaint here alleges no facts to suggest, let alone plausibly so, that the non-Ivy League school defendants in this case have subscribed to the Ivy League statement. It is entirely

3

unreasonable to infer from the Ivy League statement the existence of the agreement alleged in the Complaint, which extends to 27 other schools. Moreover, if an Ivy League policy cannot support a plausible antitrust claim against the eight Ivy League schools, as in *Choh*, then the Ivy League statement here certainly cannot support one against a subset of the Ivy League schools plus 27 other non-Ivy League schools. The Complaint is bereft of other factual allegations of the challenged agreement and, as a result, the challenged agreement is implausible.[2] Accordingly, Plaintiffs' claims against all Defendants are deficient on their face.

*Third*, Plaintiffs undermined their **rule-of-reason arguments**. Their only purported direct evidence of anticompetitive effects is the inapposite chart of all college tuition rising across the board, which has nothing to do with the conspiracy alleged or even the Defendant Schools. Compl. ¶ 129. To give an analogy, it is as if to show a conspiracy among apple sellers, the plaintiffs put forward a chart showing that the price of all fruits and vegetables had increased over time. Plaintiffs' circumstantial allegations fare no better. When the Court asked: "[h]ow do you draw the line for the relevant market," as required to plead their rule of reason claim, Plaintiffs conspicuously did not respond to this question. Tr. 92:3-19. Instead, Plaintiffs attempted to distinguish *Choh* by asserting that the plaintiffs there started with the schools in the relevant market, while "here we'll draw the line around them." Tr. 92:5-19. Plaintiffs' argument appeared to be that the plaintiffs in *Choh* started with schools that were in the Ivy League and alleged to be part of the agreement. But Plaintiffs here do the same thing: start with the schools that were members of COFHE and that allegedly reached agreement and draw the line around them. That

---

[2] At the hearing, Plaintiffs also relied on their generalized assertions that the Defendant Schools shared lists of admitted students. Tr. 22:6-22, 71:11-72:5. Setting aside Plaintiffs' failure to make any specific allegations of list sharing, the Supreme Court has made clear that such information sharing is lawful when done to identify students who have breached their commitments. *See Cement Manufacturers Protective Ass'n v. United States*, 268 U.S. 588, 595-97 (1925).

approach failed in *Choh*, and it should fail here. The market power problem for Plaintiffs is equally unanswerable—Plaintiffs simply do not have the plausible market share allegations they need.

*Fourth*, in addition to the broader standing defect discussed above, **each named** Plaintiff lacks **antitrust standing** on the facts alleged. Miller applied Regular Decision and does not allege he applied anywhere through Early Decision or sought financial aid. Compl. ¶ 18. D'Amico and Silbert were admitted Early Decision but do not allege they applied for or were eligible for financial aid. *Id.* ¶¶ 17, 20.[3] Robinson, the only Plaintiff who received financial aid, does not allege they would have received a more generous package but for the alleged conspiracy—the Complaint says nothing about their financial need relative to what was offered or interest in applying to schools other than Vassar. *Id.* ¶ 19. And none of the named Plaintiffs alleges the factual predicates necessary to trace any injury to the "hands off" agreement Plaintiffs challenge. *See supra*.

*       *       *

Plaintiffs take issue with Early Decision even though three of the four named Plaintiffs benefitted from it and even though they acknowledge that Defendant Schools "compete fiercely for early decision applicants." Tr. 18:19-20. They now wish that Early Decision did not exist and believe it should be replaced by something different. Defendants disagree with Plaintiffs' policy arguments. But the question here is not which side is right about those policy issues; it is whether Plaintiffs have stated a plausible antitrust claim under Rule 12(b)(6). To proceed in this case, Plaintiffs need to allege (among other things) a plausible horizontal agreement among competitors, plausible harm to competition in a relevant market, and injury to the named Plaintiffs flowing from the alleged antitrust violation. They fail to do so. For these reasons and those stated in Defendants' briefing, Plaintiffs' claims should be dismissed with prejudice.

---

[3] D'Amico's and Silbert's claims must also be dismissed because they fall outside the statute of limitations. Doc. No. 220 at 33-34. This would also leave Plaintiffs with no named Plaintiff from Massachusetts.

Dated: May 4, 2026

Respectfully submitted,

/s/ *Douglas E. Litvack*
Douglas E. Litvack (admitted *pro hac vice*)
Ishan K. Bhabha (admitted *pro hac vice*)
Peter E. Davis (admitted *pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
(202) 639-6300
dlitvack@jenner.com
ibhabha@jenner.com
pdavis@jenner.com

Shoba Pillay (MA Bar No. 659739)
Casey Carlson (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
spillay@jenner.com
ccarlson@jenner.com

*Counsel for Defendants The Trustees of Dartmouth College and William Marsh Rice University*

/s/ *Michael T. Gass*
Michael T. Gass (BBO No. 546874)
Samuel N. Rudman (BBO No. 698018)
John C. Calhoun (BBO No. 694479)
Katherine Quezada (BBO No. 711550)
CHOATE, HALL & STEWART LLP
Two International Place
100-150 Oliver Street
Boston, MA 02110
(617) 248-5000
mgass@choate.com
srudman@choate.com
jcalhoun@choate.com
kquezada@choate.com

*Counsel for Defendant Consortium On Financing Higher Education*

/s/ *Alexander M. Wolf*

6

Alexander M. Wolf (BBO # 685374)
awolf@steptoe.com
STEPTOE LLP
717 Texas Avenue, Suite 2800
Houston, Texas 77002
(713) 221-2300

Eric S. Berman (admitted *pro hac vice*)
Lee F. Berger (admitted *pro hac vice*)
Patrick F. Linehan (admitted *pro hac vice*)
Weisiyu Jiang (admitted *pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
eberman@steptoe.com
lberger@steptoe.com
plinehan@steptoe.com
wjiang@steptoe.com

*Counsel for Defendant The Common Application, Inc.*

/s/ Sarah F. Kirkpatrick
Sarah F. Kirkpatrick (BBO No. 667300)
Cole T. Wintheiser (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave. SW
Washington, DC 20024
(202) 434-5000
skirkpatrick@wc.com
cwintheiser@wc.com

*Counsel for Defendant Scoir, Inc.*

/s/ Juan A. Arteaga
Juan A. Arteaga (*pro hac vice*)
Rosa M. Morales (*pro hac vice*)
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 223-4000
JArteaga@crowell.com
RMorales@crowell.com

Jordan Ludwig (*pro hac vice*)
CROWELL & MORING LLP
515 South Flower Street
Los Angeles, CA  90071
(213) 622-4750
JLudwig@crowell.com

Daniel H. Leff (BBO #689302)
CROWELL & MORING LLP
1 International Place
Boston, MA  02110
(781) 795-4700
DLeff@crowell.com

*Counsel for Defendants Amherst College, Bowdoin College, Wellesley College, and Williams College*

/s/  Jacob R. Sorensen
Jacob R. Sorensen (*pro hac vice*)
Laura C. Hurtado (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
(415) 983-1000
jake.sorensen@pillsburylaw.com
laura.hurtado@pillsburylaw.com

Jeffrey Metzler (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
(212) 858-1153
jeffrey.metzler@pillsburylaw.com

*Counsel for Defendants Barnard College, Oberlin College, Pomona College, Trinity College, and Vassar College*

/s/  Noah J. Kaufman
Noah J. Kaufman
Fiona Fitzgerald
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110

8

(617) 341-7590
noah.kaufman@morganlewis.com
fiona.fitzgerald@morganlewis.com

*Counsel for Defendant Brown University*

/s/  Daryl J. Lapp
Daryl J. Lapp (BBO #554980)
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
(617) 239-0100
daryl.lapp@troutman.com

Daniel Boland (*pro hac vice*)
Barbara Sicalides (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
daniel.boland@troutman.com
barbara.sicalides@troutman.com

Julie Webb (*pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Drive
Suite 4100
Chicago, IL 60606
(312) 443-0700
julie.webb@troutman.com

*Counsel for Defendants Bryn Mawr College and Swarthmore College*

/s/  Jacob A. Kramer
Lawrence G. Scarborough (BBO No. 681285)
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
(212) 248-3140
lawrence.scarborough@faegredrinker.com

Jacob A. Kramer (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW Washington, D.C. 20005

9

(202) 230-5289
jake.kramer@faegredrinker.com

Emily E. Chow (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
90 S. Seventh Street Minneapolis, MN 55402
(612) 766-8012
emily.chow@faegredrinker.com

Joshua P. Mahoney (*pro hac* vice)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street Chicago, IL 60606-5707
(312) 212-6520
josh.mahoney@faegredrinker.com

*Counsel for Defendants Carleton College,
Macalester College, and Wesleyan University*

*/s/ Alisha Q. Nanda*
Alisha Q. Nanda (BBO #657266)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
alisha.nanda@skadden.com

Karen Hoffman Lent (*pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-3000
karen.lent@skadden.com

Amy L. Van Gelder (*pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
320 S. Canal St., 47th Floor
Chicago, IL 60606
(312) 407-0700
amy.vangelder@skadden.com

*Counsel for Defendant Columbia University*

*/s/  Melissa H. Maxman*

10

Melissa H. Maxman (*pro hac vice*)
Ronald F. Wick (*pro hac vice*)
Derek Jackson (*pro hac vice*)
COHEN & GRESSER LLP
2001 Pennsylvania Avenue NW, Suite 300
Washington, D.C. 20006
(202) 851-2070
mmaxman@cohengresser.com
rwick@cohengresser.com
djackson@cohengresser.com

Alicia L. Downey (BBO # 564265)
DOWNEY LAW LLC
155 Federal Street, Suite 300
Boston, MA 02110
(617) 444-9811
alicia@downeylawllc.com

*Counsel for Defendant Cornell University*

/s/  Kelsey M. Westrich
Kelsey M .Westrich, BBO No. 705615
SAUL EWING LLP
131 Dartmouth Street, Suite 501
Boston, MA  02116
(617) 723-3300
kelsey.westrich@saul.com

Kayleigh T. Keilty (*pro hac vice*)
SAUL EWING LLP
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
(410) 332-8919
kayleigh.keilty@saul.com

Christopher D. Dusseault (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7855
cdusseault@gibsondunn.com

Rachel S. Brass (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

11

(413) 393-8293
rbrass@gibsondunn.com

*Counsel for Defendant Duke University*

/s/  Tina M. Tabacchi
Tina M. Tabacchi (*pro hac vice*)
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
(312) 782-3939
tmtabacchi@jonesday.com

Peter W. Schwingler (*pro hac vice*)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
(612) 217-8800
pschwingler@jonesday.com

Yvonne W. Chan (BBO# 669223)
JONES DAY
100 High Street, 22nd Floor
Boston, Massachusetts  02110
 (617) 960-3939
ychan@jonesday.com

*Counsel for Defendant Emory University*

/s/  Austin Evers
Austin Evers  (#676985)
Eric Mahr (*pro hac vice*)
Heather P. Lamberg (*pro hac vice*)
Jan Rybnicek (*pro hac vice*)
FRESHFIELDS LLP
700 13th Street NW - 10th Floor
Washington, D.C. 20005
(202) 777-4545
eric.mahr@freshfields.com
heather.lamberg@freshfields.com
jan.rybnicek@freshfields.com

*Counsel for Defendants Haverford College,
Mount Holyoke College, Middlebury College,
Smith College*

12

/s/ John P. Bueker
John P. Bueker (BBO #636435)
ROPES & GRAY LLP
Prudential Tower 800 Boylston Street
Boston, Massachusetts 02119
(617) 951-7000
John.Bueker@ropesgray.com

Samer M. Musallam *(pro hac vice)*
Elizabeth T. McInerney *(pro hac vice)*
Logan D. Hovie *(pro hac vice)*
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, D.C. 20006
(202) 508-4600
Samer.Musallam@ropesgray.com
Elizabeth.McInerney@ropesgray.com
Logan.Hovie@ropesgray.com

*Counsel for Defendant Johns Hopkins University*

/s/ Jack W Pirozzolo
Jack W. Pirozzolo (BBO # 564879)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
jpirozzolo@sidley.com
(617) 223-0304

Scott D. Stein (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn St.
Chicago, IL 60603
sstein@sidley.com
(312) 853-7000

*Counsel for Defendant Northwestern University*

/s/ James L. Cooper
James L. Cooper (*pro hac vice*)
Michael A. Rubin (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
(202) 942-5000
james.cooper@arnoldporter.com

13

michael.rubin@arnoldporter.com

Esther Ha Yoon Sohn (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
esther.sohn@arnoldporter.com

H. Tiffany Jang, BBO No. 691380
ARNOLD & PORTER KAYE SCHOLER LLP
500 Boylston Street, 20th Floor
Boston, MA 02116
(617) 351-8050
tiffany.jang@arnoldporter.com

*Counsel for Defendant University of Chicago*

/s/  Andrew S. Dulberg
Andrew S. Dulberg (BBO No. 675405)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000
Andrew.Dulberg@wilmerhale.com

David Z. Gringer (*admitted pro hac vice*)
7 World Trade Center
250 Greenwich St.
New York, NY  10007
(212) 230-8800
David.Gringer@wilmerhale.com

*Counsel for Defendant the Trustees of the
University of Pennsylvania*

/s/ John F. Baughman
John F. Baughman (*pro hac vice*)
BAUGHMAN KROUP BOSSE PLLC
One Liberty Plaza – 46th Floor
New York, NY 10006
(212) 548-3212
jbaughman@bkbfirm.com

*Counsel for Defendant the University of Rochester*

14

*/s/ J. Mark Gidley*
J. Mark Gidley (*pro hac vice*)
WHITE & CASE LLP
701 13th Street N.W.
Washington, DC 20005
(202) 626-3600
mgidley@whitecase.com

C. Kelly Newman
Dan Medici
WHITE & CASE LLP
75 State Street
Boston, MA 02109
(617) 979-9300
kelly.newman@whitecase.com
dan.medici@whitecase.com

Jack E. Pace III (*pro hac vice*)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
(212) 819-8200
jpace@whitecase.com

*Counsel for Defendant Vanderbilt University*

*/s/  Michael Ryan Meuth*
Michael Ryan Meuth (BBO #714093)
PAUL HASTINGS LLP
200 Clarendon Street
Boston, MA 02116
(617) 912-1652
ryanmeuth@paulhastings.com

Ryan P. Phair (*pro hac vice*)
Christopher C. Brewer (*pro hac vice*)
Jill Rogowski (*pro hac vice*)
Samuel J. Thomas (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
(202) 551-1700
ryanphair@paulhastings.com
chrisbrewer@paulhastings.com

15

jillianrogowski@paulhastings.com
samthomas@paulhastings.com

Stephen McIntyre (*pro hac vice*)
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000
stephenmcintyre@paulhastings.com

*Counsel for Defendant Washington
University in St. Louis*

16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Post-Hearing Supplemental Brief has been served on all counsel of record via the Court's ECF system on May 4, 2026.

/s/  Douglas E. Litvack
Douglas E. Litvack

17