**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

MAX MILLER, BELLA ROBINSON, and BRAM SILBERT, representing themselves and all others similarly situated,

Plaintiffs,

v.

AMHERST COLLEGE, BARNARD COLLEGE, BOWDOIN COLLEGE, BROWN UNIVERSITY, BRYN MAWR COLLEGE, CARLETON COLLEGE, COLUMBIA UNIVERSITY, CORNELL UNIVERSITY, THE TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, HAVERFORD COLLEGE, JOHNS HOPKINS UNIVERSITY, MACALESTER COLLEGE, MIDDLEBURY COLLEGE, MOUNT HOLYOKE COLLEGE, NORTHWESTERN UNIVERSITY, OBERLIN COLLEGE, POMONA COLLEGE, WILLIAM MARSH RICE UNIVERSITY, SMITH COLLEGE, SWARTHMORE COLLEGE, TRINITY COLLEGE, UNIVERSITY OF CHICAGO, UNIVERSITY OF PENNSYLVANIA, UNIVERSITY OF ROCHESTER, VANDERBILT UNIVERSITY, VASSAR COLLEGE, WASHINGTON UNIVERSITY IN ST. LOUIS, WELLESLEY COLLEGE, WESLEYAN UNIVERSITY, and WILLIAMS COLLEGE,

Defendants.

Civil Action No. 25-CV-12221-AK

**MEMORANDUM AND ORDER ON NON-MASSACHUSETTS DEFENDANTS' MOTION TO CERTIFY THE COURT'S ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION FOR INTERLOCUTORY APPEAL**

**ANGEL KELLEY, D.J.**

Before the Court is the Motion to Certify the Court's Order denying Motion to Dismiss for Lack of Personal Jurisdiction for Interlocutory Appeal [Dkt. 272] filed by Defendants Barnard College, Bowdoin College, Bryn Mawr College, Carleton College, Columbia University, Duke University, Emory University, Haverford College, Johns Hopkins University, Macalester College, Middlebury College, Northwestern University, Oberlin College, Pomona College, Swarthmore College, University of Pennsylvania, University of Rochester, Vanderbilt University, Vassar College, and Washington University in St. Louis (the "Non-Massachusetts Defendants"). Defendant Wesleyan University, which was not a movant on that Motion to Dismiss, separately moved to dismiss for lack of personal jurisdiction or, in the alternative, for leave to join the Motion to Certify. [Dkt. 276]. On October 13, 2026, the Court denied Wesleyan's Motion to Dismiss for the reasons stated in its August 7, 2026, Order [Dkt. 256 at 7–14] and allowed the unopposed alternative relief. [Dkt. 336]. Wesleyan therefore joins the Motion to Certify. For the following reasons, the Motion is **GRANTED.**

## I. BACKGROUND

On August 8, 2025, Plaintiffs filed a class action Complaint asserting a claim under Section 1 of the Sherman Act seeking declaratory judgment, injunctive relief, and damages. [Dkt. 1]. Plaintiffs seek to compensate class members for the financial harm of Defendants' purported conspiratorial conduct and to prevent future injuries from the alleged ongoing conspiracy. [Dkt. 1 ¶ 15]. Defendants filed three motions to dismiss. [Dkts. 217, 219, 221]. On May 1, 2026, the Court heard oral argument. On August 7, 2026, the Court entered an Order denying the Motion to Dismiss for Lack of Personal Jurisdiction. [Dkt. 256]. In a separate order, it denied the School Defendants' joint Motion to Dismiss for failure to state a claim and granted

the Non-School Defendants' Motion to Dismiss. [Dkt. 257 at 3, 27]. On September 4, 2026, the Non-Massachusetts Defendants moved to certify the personal-jurisdiction order for interlocutory appeal. [Dkt. 272]. On September 15, 2026, Vanderbilt filed a Motion to Certify the Court's Rule 12(b)(6) order for interlocutory appeal [Dkt. 311], which the Court addresses in a separate Memorandum and Order. The Court heard oral argument on both motions on October 14, 2026, and took them under advisement.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a district court may certify an otherwise non-appealable order for interlocutory appeal when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." A question of law is controlling "if reversal of the district court's order would terminate the action." Philip Morris Inc. v. Harshbarger, 957 F. Supp. 327, 330 (D. Mass. 1997) (quoting Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990)). Such a question "usually involves 'a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' rather than an application of law to the facts." S. Orange Chiropractic Ctr., LLC v. Cayan LLC, No. 15-cv-13069-PBS, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016) (quoting Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000)).

Certification is the exception, not the rule. The First Circuit has "repeatedly emphasized that 'interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'" Caraballo-Seda v.

Mun. of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (quoting Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986)). Although as a general rule the First Circuit does "not grant interlocutory appeals from a denial of a motion to dismiss," Caraballo-Seda, 395 F.3d at 9, such appeals "may be necessary . . . 'in long-drawn-out cases, such as antitrust and conspiracy cases.'" Meijer, Inc. v. Ranbaxy Inc., 245 F. Supp. 3d 312, 315 (D. Mass. 2017) (quoting Milbert v. Bison Lab'ys, Inc., 260 F.2d 431, 433 (3d Cir. 1958)). Personal jurisdiction also falls among those categories of rulings "suited for interlocutory appeal." Waters v. Day & Zimmermann NPS, Inc., No. 19-11585-NMG, 2020 WL 4754984, at *3 (D. Mass. Aug. 14, 2020) (quoting 16 Charles Alan Wright et al., Federal Practice and Procedure § 3931 (3d ed.)).

## III. DISCUSSION

The Court finds the Non-Massachusetts Defendants' Motion to Certify meets the Section 1292(b) requirements.

### A. Controlling Question of Law

In its Order, the Court concluded that "the total volume of business in a forum, rather than the proportion of business in a forum, is the appropriate measure for determining proper venue." [Dkt. 256 at 11]. The Non-Massachusetts Defendants ask the Court to certify the following question:

> What is the appropriate measure for determining whether a defendant "transacts business" in the district within the meaning of Section 12 of the Clayton Act, 15 U.S.C. § 22; including whether a defendant's receipt of payments from forum residents *for services rendered outside the forum* is sufficient to establish that the defendant "transacts business" of a substantial nature in that forum.

[Dkt. 273 at 1] (emphasis in original). That is a question of law about the meaning of a federal statute. The question can be resolved on the existing record: the Court relied on the Non-Massachusetts Defendants' declarations and Plaintiffs' analysis of them, and the underlying facts are undisputed. [See Dkts. 256 at 9–11; 319 at 6]. The Court recognizes that applying any

measure will depend on each school's particular facts. [See Dkt. 249 at 52:13–18]. But the antecedent question, which measure governs, is one of law, and its answer will direct the analysis for every moving defendant.

The question is also controlling. A question can be controlling even if reversal would not end the litigation, so long as reversal would "dramatically alter the scope of the case." Waters, 2020 WL 4754984, at *2 (citing Philip Morris, 957 F. Supp. at 330). In Waters, the court certified a personal-jurisdiction ruling because reversal would have eliminated 109 of 112 plaintiffs. Waters, 2020 WL 4754984, at *2. Here, reversal would remove twenty of the thirty-two School Defendants from this action, whether by dismissal or transfer to another district. [Dkt. 273 at 2].

Plaintiffs argue that the Court's alternative holding under Rule 4(k)(1)(A) and the Massachusetts long-arm statute independently supports jurisdiction, so that the Section 12 question is not controlling. [Dkt. 319 at 15 n.4]. The Court, however, reached that holding "[f]or the same reasons" as its Section 12 analysis [Dkt. 256 at 15], and Alayna D'Amico, the only named Massachusetts Plaintiff at the time, has since voluntarily dismissed her claims. [Dkt. 268]. Thus, a reversal of the Section 12 holding would call the alternative holding into question as well.

**B. Substantial Ground for Difference of Opinion**

A substantial ground for difference of opinion exists where the issue involves "one or more difficult and pivotal questions of law not settled by controlling authority." Waters, 2020 WL 4754984, at *3 (quoting Meijer, 245 F. Supp. 3d at 315). That standard is met here.

On "substantially similar facts" involving many of the same schools, a court in the Northern District of Illinois "came to a different conclusion." [Dkt. 256 at 11 (discussing Hansen

v. Nw. Univ., No. 24 C 9667, 2025 WL 2731378, at *6 (N.D. Ill. Sept. 24, 2025))]. The Court distinguished Hansen in part on the record, but its "more important[]" reason was the choice of measure of transacting business. [Id.]. On that question, the Court acknowledged that "[s]ome courts, particularly those in the Seventh Circuit . . . consider the percentage of sales, purchases, or business as an important factor." [Id. (citing, e.g., KM Enters., Inc. v. Glob. Traffic Techs., Inc., 725 F.3d 718, 731 (7th Cir. 2013))]. Neither party has identified First Circuit authority resolving the question.

Plaintiffs respond that the parties agree on the governing standard, business "of any substantial character," and dispute only its application. [Dkt. 319 at 9]. But whether that standard is measured by volume or by proportion is a question on which courts have taken different approaches, not merely a question of how settled law applies to this record.

### C. Material Advancement

This requirement is "closely tied to the controlling-question-of-law element." Waters, 2020 WL 4754984, at *2 (quoting Philip Morris, 957 F. Supp. at 330). An interlocutory appeal materially advances the termination of the litigation where reversal "would terminate proceedings in the district court," or where an appellate decision "before discovery and trial could save the substantial time and expense" that the litigation would otherwise require. Simmons v. Galvin, No. CV 01-11040-MLW, 2008 WL 11456109, at *3 (D. Mass. Jan. 16, 2008). Here, reversal would remove twenty-one of the thirty-two School Defendants from this action and "drastically curtail and simplify pretrial and trial proceedings for the remaining parties." [Dkt. 272 at 2]. Plaintiffs argue that reversal would merely relocate their claims through transfer or refiling. [Dkt. 319 at 7, 15]. But the material-advancement requirement looks to the effect of an appeal on "the litigation," and even if the claims were transferred or refiled,

reversal would substantially narrow discovery, class certification, and trial here. If the Court lacks jurisdiction over the Non-Massachusetts Defendants, years of litigation—and the resulting judgment—would be at risk of vacatur. [See Dkt. 330 at 9]. Resolving the question now avoids that risk.

## IV. CONCLUSION

For the foregoing reasons, the Non-Massachusetts Defendants' Motion to Certify [Dkt. 272] is **GRANTED.** The Court certifies for interlocutory appeal under 28 U.S.C. § 1292(b) its August 7, 2026, Order [Dkt. 256] denying the Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. 217], and, on its own motion, its October 13, 2026, Electronic Order [Dkt. 336] denying Wesleyan University's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. 276] on the same grounds.

The Court certifies the question as the Non-Massachusetts Defendants framed it:

> What is the appropriate measure for determining whether a defendant "transacts business" in the district within the meaning of Section 12 of the Clayton Act, 15 U.S.C. § 22; including whether a defendant's receipt of payments from forum residents *for services rendered outside the forum* is sufficient to establish that the defendant "transacts business" of a substantial nature in that forum.

[Dkt. 273 at 1] (emphasis in original). The certification extends to Wesleyan University on the same terms as to the moving Defendants. [See Dkt. 336].

**SO ORDERED.**

Dated: October 28, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge