**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

MAX MILLER, BELLA ROBINSON, and BRAM SILBERT, representing themselves and all others similarly situated,

Plaintiffs,

v.

AMHERST COLLEGE, BARNARD COLLEGE, BOWDOIN COLLEGE, BROWN UNIVERSITY, BRYN MAWR COLLEGE, CARLETON COLLEGE, COLUMBIA UNIVERSITY, CORNELL UNIVERSITY, THE TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, HAVERFORD COLLEGE, JOHNS HOPKINS UNIVERSITY, MACALESTER COLLEGE, MIDDLEBURY COLLEGE, MOUNT HOLYOKE COLLEGE, NORTHWESTERN UNIVERSITY, OBERLIN COLLEGE, POMONA COLLEGE, WILLIAM MARSH RICE UNIVERSITY, SMITH COLLEGE, SWARTHMORE COLLEGE, TRINITY COLLEGE, UNIVERSITY OF CHICAGO, UNIVERSITY OF PENNSYLVANIA, UNIVERSITY OF ROCHESTER, VANDERBILT UNIVERSITY, VASSAR COLLEGE, WASHINGTON UNIVERSITY IN ST. LOUIS, WELLESLEY COLLEGE, WESLEYAN UNIVERSITY, and WILLIAMS COLLEGE,

Defendants.

Civil Action No. 25-CV-12221-AK

**MEMORANDUM AND ORDER ON VANDERBILT UNIVERSITY'S MOTION TO CERTIFY THE COURT'S ORDER DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR INTERLOCUTORY APPEAL**

**ANGEL KELLEY, D.J.**

Before the Court is Defendant Vanderbilt University's ("Vanderbilt") Motion to Certify the Court's Rule 12(b)(6) Motion to Dismiss Order [Dkt. 257] for Interlocutory Appeal Under 28 U.S.C. § 1292(b). [Dkt. 311]. For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

On August 8, 2025, Plaintiffs filed a class action Complaint asserting a claim under Section 1 of the Sherman Act seeking declaratory judgment, injunctive relief, and damages. [Dkt. 1]. Plaintiffs seek to compensate class members for the financial harm of Defendants' purported conspiratorial conduct and to prevent future injuries from the alleged ongoing conspiracy. [Dkt. 1 ¶ 15]. Defendants filed three motions to dismiss. [Dkts. 217, 219, 221]. On May 1, 2026, the Court heard oral argument. On August 7, 2026, the Court entered an Order denying the Motion to Dismiss for Lack of Personal Jurisdiction. [Dkt. 256]. In a separate order, it denied the School Defendants' joint Motion to Dismiss for failure to state a claim and granted the Non-School Defendants' Motion to Dismiss. [Dkt. 257 at 3, 27]. On September 4, 2026, certain Defendants moved to certify the personal-jurisdiction order for interlocutory appeal [Dkt. 272], which the Court addresses in a separate Memorandum and Order. On September 15, 2026, Vanderbilt filed the instant Motion to Certify the Court's Rule 12(b)(6) order for interlocutory appeal. [Dkt. 311]. The Court heard oral argument on both motions on October 14, 2026, and took them under advisement.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a district court may certify an otherwise non-appealable order for interlocutory appeal when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an

immediate appeal from the order may materially advance the ultimate termination of the litigation." A question of law is controlling "if reversal of the district court's order would terminate the action." Philip Morris Inc. v. Harshbarger, 957 F. Supp. 327, 330 (D. Mass. 1997) (quoting Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990)). Such a question "usually involves 'a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' rather than an application of law to the facts." S. Orange Chiropractic Ctr., LLC v. Cayan LLC, No. 15-cv-13069-PBS, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016) (quoting Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000)).

Certification is the exception, not the rule. The First Circuit has "repeatedly emphasized that 'interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'" Caraballo-Seda v. Mun. of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (quoting Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986)). As a general rule, the First Circuit does "not grant interlocutory appeals from a denial of a motion to dismiss," a practice that "reflects [its] policy preference against piecemeal litigation as well as prudential concerns about mootness, ripeness, and lengthy appellate proceedings." Caraballo-Seda, 395 F.3d at 9 (citations omitted). Nor is it determinative that an immediate appeal might save appreciable trial time, or that the case has significant implications. Id.

## III. DISCUSSION

Vanderbilt's motion does not present a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal would not materially

advance the ultimate termination of the litigation. Therefore, certification is not warranted.

Vanderbilt asks the Court to certify whether the Sherman Act "prohibit[s] colleges and universities from seeking to detect and prevent the harm (to students and schools) caused by false representations of Early Decision applicants by (1) exchanging lists of students admitted Early Decision and (2) removing from consideration students who have been accepted Early Decision elsewhere?" [Dkt. 312 at 3]. The Court declines to certify this question.

**A. Controlling Question of Law**

To begin, the question is not a controlling question of law. The Court's Order did not hold that list-sharing and the removal of students from consideration, standing alone, violate Section 1. It held that Plaintiffs plausibly alleged an agreement to restrain trade through both direct and circumstantial evidence. [Dkt. 257 at 14–20]. The direct evidence was the Ivy League Joint Statement, together with allegations that schools not party to it, such as Harvard and MIT, conformed their conduct to its terms. [Id. at 14–16]. The circumstantial evidence consisted of the School Defendants' identical Early Decision processes and several plus factors: (1) a shared financial motive, (2) conduct contrary to each school's independent interest, and (3) facts implying a traditional conspiracy. [Id. at 17–20]. The alleged exchange of Early Decision admit lists was one of several facts the Court considered under the plus factors. [Id. at 20]. Vanderbilt's question therefore is not controlling.

That is true for the non-Ivy League School Defendants as well. Vanderbilt contends that for those twenty-seven Defendants, list-sharing "formed the basis" for the Court's holding. [Dkt. 312 at 3 n.2]. But the Court reasoned that the remaining Defendants' "conduct closely conforming" to the Joint Statement "supports the inference that all Defendants were parties to the agreement." [Dkt. 257 at 15]. It pointed to schools outside the Joint Statement, such as MIT, that

"also enforce other schools' ED agreements." [Id. at 16]. And the motive and contrary-to-interest plus factors rest on allegations common to all School Defendants. [Id. at 18–19]. Accordingly, the question is not controlling as to the non-Ivy League School Defendants.

**B. Substantial Ground for Difference of Opinion**

Vanderbilt also has not shown a substantial ground for difference of opinion on a question of law. Vanderbilt relies on Cement Manufacturers' Protective Ass'n v. United States, 268 U.S. 588 (1925), which held that gathering and sharing information that allows sellers to protect themselves from fraud is not an unlawful restraint of trade. Id. at 603–04. To show a conflict, Vanderbilt points out that the First Circuit has cited Cement Manufacturers only twice and not since 1949. It also relies on decisions from other courts applying Cement Manufacturers to dismiss Section 1 claims. [Dkt. 312 at 9–10] (citing Burtch v. Milberg Factors, Inc., 662 F.3d 212, 222 (3d Cir. 2011); In re Jan. 2021 Short Squeeze Trading Litig., No. 21-2989-MDL, 2021 WL 5359731, at *22 (S.D. Fla. Nov. 17, 2021); Black v. JP Morgan Chase & Co., No. 10-848, 2011 WL 4102802, at *25 (W.D. Pa. Aug. 10, 2011), report and recommendation adopted, No. 2:10CV848, 2011 WL 4089379 (W.D. Pa. Sept. 14, 2011)).

Those decisions do not reflect a disagreement over the governing legal principle; they apply the same principle the Court applies here. Burtch and Black explain that Cement Manufacturers protects an exchange of information when each firm acts on it independently, *not* pursuant to an agreement. See Burtch, 662 F.3d at 223 (explaining that "[t]he basis for the holdings in Cement Manufacturers and Michelman was . . . whether any agreement to extend or refuse credit resulted from the information"); Black, 2011 WL 4102802, at *23 (exchanges of credit information are lawful "so long as the information exchanged does not include any recommendations or agreement as to how the exchanged information should be used"). In each

case that Vanderbilt relies upon, the court dismissed because the plaintiffs had not plausibly alleged such an agreement. Burtch, 662 F.3d at 225–29; Black, 2011 WL 4102802, at *24; In re Jan. 2021 Short Squeeze, 2021 WL 5359731, at *26–27. Here, by contrast, the Court found that Plaintiffs plausibly alleged an agreement among the School Defendants. [Dkt. 257 at 20]. Accordingly, the decisions applying Cement Manufacturers do not reflect a substantial ground for difference of opinion.

### C. Material Advancement

Finally, an immediate appeal would not materially advance the ultimate termination of the litigation. Because the Court's Order does not rest on list-sharing alone, a ruling that list-sharing is lawful would not resolve whether the School Defendants joined an agreement to restrain trade, and Plaintiffs' claims would proceed. Vanderbilt's contention that reversal would end the litigation as to twenty-seven of the thirty-two School Defendants [Dkt. 312 at 8, 12] fails for the same reason. And even on Vanderbilt's own account, Plaintiffs' claims against the five Joint Statement signatories would proceed regardless of the outcome of an appeal. [See Dkt. 312 at 3 n.2].

## IV. CONCLUSION

For the foregoing reasons, Vanderbilt's Motion to Certify [Dkt. 311] is **DENIED.**

**SO ORDERED.**

Dated: October 28, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge